**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

**GRAPHIC COMMUNICATIONS CONFERENCE OF**
**  THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS**
**  SUPPLEMENTAL RETIREMENT AND DISABILITY FUND** et al.
**1900 L Street, N.W.**
**Washington, D.C. 20036,**

|  |  |
|---|---|
| | **Civil Action** |
| **Plaintiffs,** | **No. 1:05CV-01191 (RJL)** |

**vs.**

**PUBLICATION PRINTING COMPANY**
**2945 Washington Blvd.**
**St. Louis, MO 63101-1305**

**Defendant.**

_____

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

This is an action to collect delinquent payments to a multi-employer pension plan subject

to the provisions of the Employee Retirement Income Security Act of 1974, 20 U.S. C. Sections

1000, et. seq. ("ERISA"). This Court has jurisdiction over the action under Section 502 of

ERISA, 29 U.S.C., Section 1132.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs Graphic

Communications Conference of the International Brotherhood of Teamsters Supplemental

Retirement and Disability Fund, et al. (the "Fund"), has moved this Court for a default judgment

against Defendant Publication Printing Company. On December 12, 2000, the Clerk of the Court

found Defendant to be in default under Rule 55(a) of the Federal Rules of Civil Procedure

because Defendant has not filed an answer in this case.

Under both the rules of the Fund and Section 502(f) of ERISA, participating employers who become delinquent in their contributions are liable to the Fund for both the unpaid contributions and attorneys' fees, costs and interest and liquidated damages. As stated in the accompanying affidavit of the Fund's Office Manager, Kathleen Hale, the Fund's rules provide that a delinquent company is liable to the Fund for:

(a)    The Fund's attorney's fees and costs in litigation to collect the contributions;

(b)    Interest calculated at 1% above the selected prime rate published in The Wall Street Journal   on the 15th day of the month in which the delinquency commenced and the interest shall be imposed upon the unpaid balance from the due date of the contribution; and

(c)    Liquidated damages in an amount equal to the greater of:

(i)   An amount determined the same as the interest in subparagraph (b) above; or

(ii)   20% of the unpaid contributions; or

(iii) Such higher percentage as may be permitted under federal or state law.

(Affidavit of Kathleen Hale, dated September 8, 2005 at Para.2).

As also stated in the affidavit of Kathleen Hale, delinquent contributions owed by the Defendant for the months of January, March and November 2004 and May 2005 total $2,331.70; the Fund's liquidated damages for the period are $466.34, and the interest on the delinquent contributions is $199.75. (Affidavit of Kathleen Hale, at Paras. 3 and 4).

As stated in the accompanying affidavit of Martin R. Ganzglass, the Fund's attorney, the Fund has incurred $370.00 in costs and $568.10 in attorney's fees in this action, totaling $ 938.10

. (Affidavit of Martin R. Ganzglass dated September 8, 2005, at Paras. 2 and 3).

FOR THESE REASONS, Plaintiffs are entitled to judgment against Defendant

Publication Printing Company in the amount of $3,935.89 .


Respectfully submitted,


O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By_____
   Martin R. Ganzglass, Bar 024174
   1900 L Street, N.W., Suite 800
   Washington, D.C. 20036
   (202) 898-1824


G:\SRDF\DELINQS\L-Q\PublicationPrintingmemorandumdefaultjudgment.05Sep06.wpd